UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW J. SIMINAUSKY, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | NO. 3:08 CV 1937 (MRK) |
| : | |
| CRAIG PLANTE, : | |
| : | |
| Defendant. : | |

## RULING AND ORDER

Plaintiff Andrew Siminausky, incarcerated at the Corrigan-Radgowski Correctional Institution (CCI) in Uncasville, Connecticut during the time period relevant to this action,[1] brings this 42 U.S.C. § 1983 action against Defendant Craige Plante, a Correctional Captain assigned to CCI during the same time period. Mr. Siminausky alleges that Mr. Plante was deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights. Specifically, Mr. Siminausky claims that Mr. Plante denied him access to boots to treat his Raynaud's Disease – a medical condition that causes blood vessels in the extremities to constrict when exposed to cold, causing numbness and some pain. Pending before the Court is Mr. Plante's Motion for Summary Judgment [doc. # 31]. The Court does not doubt Mr. Siminausky's need for proper medical care; but for the reasons that follow, Mr. Plante's Motion for Summary Judgment [doc. # 31] is GRANTED.

**I.**

The Court assumes the parties' familiarity with the facts of this case, and recites here only those facts necessary to resolve the pending motion. The facts are almost entirely undisputed. In

---

[1] Plaintiff is currently housed at the Garner Correctional Institution (GCI).

1

fact, Mr. Siminausky admitted all but one paragraph of Mr. Plante's Local Rule 56(a)1 Statement [doc. # 31-3].[2] *See* Pl.'s Local R. 56(a)2 Statement [doc. # 32-2] ("Pl.'s 56(a)2 Statement"). Nor does Mr. Siminausky dispute, or offer any evidence to contradict, Mr. Plante's affidavit. *See* Aff. of Craig Plante [doc. # 31-5].

The relevant facts are as follows. Mr. Siminausky was transferred to CCI in October 2008, at which point he asked Mr. Plante how he could receive boots from home. After several conversations of this type, it became clear to Mr. Plante that Mr. Siminausky was asking him to approve of the use of boots. Mr. Plante informed Mr. Siminausky that he did not have the authority to grant such an approval, and Mr. Plante advised Mr. Siminausky to fill out a Request to Receive Property form. Only at this point did Mr. Siminausky mention that he had been diagnosed with Raynaud's Disease and needed to keep his feet warm. Upon learning of Mr. Siminausky's condition, Mr. Plante informed Mr. Siminausky that he still did not have the authority to approve of boots, and that Mr. Siminausky should take up the issue with the CCI medical staff.

Mr. Siminausky did in fact speak to medical staff at CCI about his Raynaud's Disease on several occasions, and it appears that he received treatment for his condition in the form of thermal socks and medication. *See* Aff. of Ganpat Chouhan, MD [doc. # 31-8]; Aff. of Raymond Castro, MD [doc. # 31-9]. However, Mr. Siminausky brings this case against Mr. Plante only, and not members of the CCI medical staff. Therefore, the care that Mr. Siminausky received from medical personnel is largely irrelevant to his claims against Mr. Plante, and the Court does not need to

---

[2] The one paragraph that Mr. Siminausky did not admit involves his alleged failure to exhaust his administrative remedies. *See* Pl.'s Local R. 56(a)2 Statement [doc. # 32-2] ("Pl.'s 56(a)2 Statement") ¶ 19. Because the Court addresses Mr. Siminausky's claim on the merits, this paragraph is irrelevant to the disposition of the pending motion.

discuss Mr. Siminausky's medical history. It suffices to say that CCI medical staff determined that Mr. Siminausky did not need boots to treat his condition. *See* Def.'s Local R. 56(a)1 Statement [doc. # 31-3] ("Def.'s 56(a)1 Statement") ¶¶ 10-14. The Court is pleased to hear that Mr. Siminausky believes that he is now receiving adequate medical care. *See* Br. in Opp'n to Mot. for Summ. J. [doc. # 32] ("Pl.s Resp.") at 5.

## II.

Summary judgment is appropriate only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . ." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the burden of demonstrating that no genuine issue exists as to any material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986), and the Court must resolve all ambiguities and draw all inferences in favor of the nonmoving party, *see Anderson*, 477 U.S. at 255; *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). If the moving party carries its burden, the party opposing summary judgment "may not rely merely on allegations or denials." Fed. R. Civ. P. 56(e)(2). Rather, the opposing party must "set out specific facts showing a genuine issue for trial."

3

*Id*. In short, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

### III.

Mr. Plante argues as follows: (1) that Mr. Siminausky has not satisfied the standard for a deliberate indifference claim; (2) that he was not in a position to provide the requested boots, and thus was not involved in the alleged deprivation; (3) that he is entitled to qualified immunity; and (4) that Mr. Siminausky failed to exhaust his administrative remedies.[3] Because the Court agrees with Mr. Plante's first argument, it need not address any of the others.

The Eighth Amendment prohibition against cruel and unusual punishment applies to the states through the Fourteenth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 101 (1976). "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Thus, while "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does impose a duty on prison officials to provide for a prisoner's medical needs, *see, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Estelle*, 429 U.S. at 103; *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994).

"In order to establish an Eighth Amendment claim arising out of inadequate medical care,

---

[3] Mr. Plante also raises arguments regarding injunctive relief and Eleventh Amendment immunity. However, Mr. Siminausky has abandoned his request for injunctive relief, and his claim for damages is against Mr. Plante in his individual capacity only. *See* Pl.'s Resp. [doc. # 32] at 5. Therefore, Mr. Plante's arguments on these issues are moot.

a prisoner must prove deliberate indifference to [his] serious medical needs." *Smith v. Carpenter*, 316 F.3d 178, 183 (2d Cir. 2003) (quotation marks and citation omitted).  This standard has two prongs – an objective element and a subjective element.  See *id*.  First, the medical need of the prisoner must be objectively serious enough to implicate the Eight Amendment.  *See id*. at 184.  Second, the prison officials must have acted with the requisite subjective deliberate indifference amounting to "a sufficiently culpable state of mind." *Id*.

"Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." *Id*.  Mere negligence is not sufficient to give rise to a claim under the Eighth Amendment.  *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). "An official acts with the requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Id*. at 702 (quoting *Farmer*, 511 U.S. at 837).  Furthermore, a disagreement between a prisoner and prison staff about the proper course of treatment does not amount to deliberate indifference.  In other words, questions of medical judgment do not implicate the Eighth Amendment unless they involve culpable recklessness.  *See Estelle*, 429 U.S. at 107; *Chance*, 143 F.3d at 703.  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

In this case, the Court questions whether Mr. Siminausky has shown that his medical condition was objectively serious enough to warrant Eighth Amendment protection, *see Smith*, 316 F.3d at 185-88, or whether he was denied medical care at all.  However, the Court need not even

reach these questions because there is no doubt that Mr. Siminausky cannot satisfy the subjective prong of the Eighth Amendment test. Mr. Plante's actions did not amount to deliberate indifference – the Court doubts that they were even negligent. It is undisputed that when Mr. Siminausky asked Mr. Plante for boots, Mr. Plante informed Mr. Siminausky of the process for obtaining boots, which was all he could do in his capacity as a Correctional Captain. Mr. Siminausky has agreed that Mr. Plante had no authority to approve Mr. Siminausky's request for boots. *See* Def.'s 56(a)1 Statement [doc. # 31-3] ¶ 4 ("[Mr. Plante] was not, however, authorized to approve an inmate's request for special items to be received [from] family members. . . . Furthermore, only a medical staff member, and not a Correctional Captain, could request special items, such as footwear, to be received [from] family members that are related to a medical condition."); Pl.'s 56(a)2 Statement [doc. # 32-2] ¶ 4 (admitting paragraph four of Mr. Plante's 56(a)1 Statement).

Furthermore, because Mr. Plante is not a medical professional and had no personal knowledge of Mr. Siminausky's particular medical needs, he cannot possibly be deliberately indifferent for denying Mr. Siminausky boots where medical professionals – who were aware of Mr. Siminausky's medical condition – did not indicate that boots were needed to treat his condition. *See Chavis v. Ferris*, No. 07-4735-pr, 2009 WL 4981696, at *1 (2d Cir. Dec. 23, 2009) (summary order).

## IV.

The Court does not wish to minimize Mr. Siminausky's medical condition nor his dissatisfaction with the treatment that he received. However much one may sympathize with Mr. Siminausky's concerns, he simply does not have a claim against Mr. Plante under the Eighth Amendment. Therefore, Mr. Plante's Motion for Summary Judgment [doc. # 31] is GRANTED. **The Clerk is directed to enter judgment in favor of Defendant and close this case.**

IT IS SO ORDERED.


/s/        Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: March 12, 2010.**